**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES R. BROWN,
Petitioner-Appellant,

v.

No. 95-2174

COMMISSIONER OF THE INTERNAL
REVENUE SERVICE,
Respondent-Appellee.

Appeal from the United States Tax Court.
(Tax Ct. No. 92-20023)

Argued: May 6, 1996

Decided: September 5, 1996

Before ERVIN and WILKINS, Circuit Judges, and NORTON,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paula Marie Junghans, MARTIN, JUNGHANS, SNY-
DER & BERNSTEIN, P.A., Baltimore, Maryland, for Appellant. Wil-
liam J. Patton, Tax Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C.
Argrett, Assistant Attorney General, Gary R. Allen, Richard Farber,
Tax Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James R. Brown appeals a decision of the United States Tax Court upholding a determination by the Commissioner of Internal Revenue that a distribution Brown received in 1989 from the Maryland Teachers' Retirement System was taxable income to him in that year. We note that the material facts presented here are indistinguishable from those we addressed in Adler v. Commissioner, 86 F.3d 378 (4th Cir. 1996), in which we held that a distribution from the Maryland Employees' Retirement System was entitled to rollover treatment under 26 U.S.C.A. § 402(a)(5) (West 1988). The parties agree that the distribution Brown received was a partial distribution from a qualified plan, that he transferred the entire previously-untaxed portion of the distribution ($149,283.76) to an eligible individual retirement account within 60 days of receiving the payment, and that his retirement qualifies as a "separation from the service." See 26 U.S.C.A. § 402(a)(5), (e)(4)(A)(iii). Therefore, Brown's distribution was entitled to rollover treatment if he received it "on account of" his retirement. Id. § 402(e)(4)(A)(iii). As did the taxpayer in Adler, Brown elected, in connection with his retirement, to transfer to a pension system, resulting in his receipt of the distribution; accordingly, he received the distribution "on account of" his retirement within the meaning of 26 U.S.C.A. § 402(e)(4)(A)(iii). See Adler , 86 F.3d at 381. For the reasons set forth in Adler, we reverse.

REVERSED

2